## MILLAUDON vs. SOUBERCASE.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiff claims from the defendant a sum of money which he states the defendant owes him in consequence of selling a quantity of cotton, as merchantable and of first quality, when the same was fraudulently packed, and

The action of *quanti minoris* must be brought within one year.

MILLAUDON
*vs.*
SOUBERCASE.

no part of it equal to the description, except the outside of the bales.

The defendant denies the fact, avers that he acted only as agent in the sale of the cotton, and pleads prescription.

The evidence shews clearly that the plaintiff has sustained an injury; the only question is whether he has commenced his action in sufficient time to recover.

The sale was made in New-Orleans, on the 22d of February, 1818, the action was commenced on the 23d of June, 1821.

On behalf of the defendant, it was urged that this is nothing more than an action *quanti minoris*, to wit, one for the reduction of the price, in consequence of a defect in the thing sold, and that such action must be commenced within twelve months from the date of the sale, or at least from the time within which the defect became known to the purchaser, *Curia Philip, lib.* 1, *cap.* 13, *nos.* 1 & 9. 11 *Martin*, 11.

On that of the plaintiff, it was urged, that this was not an action of *quanti minoris*, but one claiming damage for a fraud practised on him, and we are referred to the 6*th law of the* 16*th title of the* 7*th Partida*, by which it is provided that he who has been defrauded, may bring

suit for reparation at any time within two

years, but not after, unless he has sustained damage, and that if he has, he may claim amends of the wrong-doer at any time within thirty years.

It is not easy to reconcile the different provisions of the Spanish law in regard to these actions; for we find that the action of *quanti minoris* is given in cases where the seller knew the defects of the thing sold, as well as those wherein he was ignorant of them, and acting in good faith. *Curia Philip. lib. cap.* 13, *no.* 10, *Commercio Terrester, Par.* 5, *tit.* 5. *ley* 65. Perhaps the true understanding of them is that the buyer has the choice of either action, in case the seller has acted fraudulently. On this point however we express no opinion. For the petition does not charge the defendant with having fraudulently sold the cotton; it states that a certain quantity of that article was sold by him, which was fraudulently packed. Which assertion by no means implies that the defendant had knowledge of the fact. In almost every case where cotton is fraudulently baled at the gins, the seller in this place, if a merchant or broker, is innocent of any participation in the cheat committed. The evidence

East'n District.
Jan'y. 1825.

MILLAUDON
vs.
SOUBERCASE.

taken does not in any respect shew the conduct of the defendant in a different light from that which the plaintiff has represented it in the petition. The knowledge of the defect in the interior of the bales is not brought home to him. The circumstances attending the sale, and the character in which he acted, exclude the presumption of fraud. The purchaser in Bordeaux might as well have accused the plaintiff of knowing in what manner the interior of the bales was filled.

Considering therefore the action to be one of *quanti minoris*, and that it was not brought within the time prescribed by law,

It is ordered, adjudged and decreed, that the judgment of the district court be annulled avoided and reversed, and it is further ordered, adjudged and decreed, that there be judgment for defendant as in case of nonsuit with costs in both courts.